IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-04059 |
| | § | |
| VALVOLINE, LLC, | § | |
| FRANK HARRIS, and | § | |
| DALAN MOTZ | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT VALVOLINE LLC'S ANSWER
TO PLAINTIFF'S AMENDED COMPLAINT**

COMES NOW Defendant Valvoline LLC ("Valvoline" or "Company"), and files this, its Answer to Plaintiff's Amended Complaint ("Complaint"), and in support thereof respectfully submits the following:

**PARTIES, JURISDICTION & VENUE**

1. Defendant admits that Plaintiff has asserted claims of discrimination, but denies that any facts exist which support such claims as alleged in Paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in Paragraph 2 of the Complaint

3. Defendant admits the allegations contained in Paragraph 3 of the Complaint.

4. Defendant admits that Plaintiff's employer was Valvoline, as alleged in Paragraph 4 of the Complaint.

5. Defendant denies that both Harris and Motz were Brown's supervisors and that both identify as Caucasian, as alleged in Paragraph 5 of the Complaint.

6. Defendant admits that the Court has jurisdiction as alleged in Paragraph 6 of the Complaint.

7. Defendant admits that venue is proper as alleged in Paragraph 7 of the Complaint.

8. Defendant admits that Plaintiff filed a Charge of Discrimination, but is without sufficient information to admit or deny that the allegations occurred within 300 days as alleged in Paragraph 8 of the Complaint.

9. Defendant is without sufficient information to admit or deny when Plaintiff received a right to sue letter as alleged in Paragraph 9 of the Complaint.

10. Defendant is without sufficient information to admit or deny whether Plaintiff has properly exhausted all of his administrative remedies as alleged in Paragraph 10 of the Complaint.

11. Defendant is without sufficient information to admit or deny whether Plaintiff filed suit within ninety days of receipt of his right to sue letter as alleged in Paragraph 11 of the Complaint.

12. Defendant admits that Plaintiff has timely filed the Amended Complaint in compliance with the Court's Scheduling Order, as alleged in Paragraph 12 of the Complaint.

## FACTS

13. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 13 of Plaintiff's Complaint.

14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

15. Defendant is without sufficient information to admit or deny the allegations in Paragraph 15 of the Complaint.

16. Defendant admits that Plaintiff served in the U.S. Army, but is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph 16 of the Complaint

17. Defendant is without sufficient information to admit or deny the allegations the

allegations contained in Paragraph 17 of the Complaint.

18. Defendant is without sufficient information to admit or deny the alleged in Paragraph 18 of the Complaint.

19. Defendant is without sufficient information to admit or deny the alleged in Paragraph 19 of the Complaint.

20. Defendant is without sufficient information to admit or deny the alleged in Paragraph 20 of the Complaint.

21. Defendant admits that Plaintiff began work for it in February 2020, but denies the remainder of the allegations contained in Paragraph 21 of the Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint.

35. Defendant admits that Price and Motz discussed some T-shirts that had previously

been promised to Price, but deny the remainder of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant admits that Mr. Harris told Plaintiff of some allegations that other Black employees were using a derogatory term, but denies the remainder of the allegations contained in Paragraph 38 of the Complaint.

39. Defendant admits that Harris made the report to Brown, but denies the remainder of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43. Defendant admits that Brown reported allegations to Mr. Shelton, as alleged in Paragraph 43 of the Complaint.

44. Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45. Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46. Defendant admits that more than a year after the fact, Brown made a written statement, but Defendant denies the remainder of the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48. Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

53. Defendant denies the allegations contained in Paragraph 53 of the Complaint.

54. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 54 of the Complaint, and therefore, they are denied.

55. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 55 of the Complaint, and therefore, they are denied.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant admits that Plaintiff voluntarily resigned his position on January 3, 2022, but denies the remainder of the allegations contained in Paragraph 57 of the Complaint.

58. Defendant admits the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

## COUNT 1
### Against Defendant Valvoline
### Title VII: Hostile Work Environment Based on Race)

61. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 61 of Plaintiff's Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

63. Paragraph 63 of the Complaint is a statement of law to which no answer is required.

64. Paragraph 64 of the Complaint is a statement of law to which no answer is required.

65. Defendant denies the allegations as phrased in Paragraph 65 of the Complaint.

66. Paragraph 66 of the Complaint is a statement of law to which no answer is required.

67. Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies the allegations contained in Paragraph 69 of the Complaint.

## COUNT II
### Against Defendants Valvoline, Harris, and Motz
### 42 U.S.C. §1981: Hostile Work Environment Based on Race

70. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 70 of Plaintiff's Complaint.

71. Paragraph 71 of the Complaint is a statement of law to which no answer is required.

72. Paragraph 72 of the Complaint is a statement of law to which no answer is required.

73. Paragraph 73 of the Complaint is a statement of law to which no answer is required.

74. Defendant denies the allegations contained in Paragraph 74 of the Complaint.

75. Paragraph 75 of the Complaint is a statement of law to which no answer is required.

76. Defendant denies the allegations contained in Paragraph 76 of the Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of the Complaint.

## COUNT III
### Against Defendants Valvoline, Harris and Motz
### 42 U.S.C. §1981: Retaliation

78. Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 78 of Plaintiff's Complaint.

79. Paragraph 79 of the Complaint is a statement of law to which no answer is required.

80. Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81. Defendant denies the allegations contained in Paragraph 81 of the Complaint.

82. Defendant denies the allegations contained in Paragraph 82 of the Complaint.

## COUNT IV
## Against Defendant Valvoline
## 42 U.S.C.§1981: Failure to Hire Managerial Position Based on Race

83.    Defendant incorporates its answers to the allegations made elsewhere in Plaintiff's Complaint, and no response is required to Paragraph 83 of Plaintiff's Complaint.

84.    Paragraph 84 of the Complaint is a statement of law to which no answer is required.

85.    Paragraph 85 of the Complaint is a statement of law to which no answer is required.

86.    Paragraph 86 of the Complaint is a statement of law to which no answer is required.

87.    Defendant denies the allegations contained in Paragraph 87 of the Complaint

88.    Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.    Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.    Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.    Defendant denies the allegations contained in Paragraph 91 of the Complaint.

## PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in the "Prayer for Relief" section of Plaintiff's Complaint.

## JURY DEMAND

Defendant admits that Plaintiff has demanded to exercise his right to trial by jury as alleged in the "Jury Demand" section Plaintiff's Complaint but denies that Plaintiff was subject to any unlawful employment practices.

## AFFIRMATIVE AND OTHER DEFENSES

1.    Plaintiff's claims should be dismissed, in whole or in part, for failure to state a claim upon which relief can be granted.

2.    Without waiver of Plaintiff's burden to show the contrary, Defendant pleads that

Plaintiff was an at-will employee, and Plaintiff could be terminated at any time for any reason, not specifically prohibited by state or federal law, and with or without cause.

3. Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant alternatively pleads that any actions taken concerning Plaintiff were done for legitimate, non-retaliatory and non-discriminatory business reasons, and done without discriminatory or retaliatory intent, purpose or effect.

4. Without waiver of Plaintiff's burden to show the contrary, Defendant alternatively pleads that Plaintiff has failed to mitigate his alleged damages in whole or in part, and further asserts that Defendant is entitled to an offset of the extent of any mitigation by Plaintiff.

5. Without waiver of Plaintiff's burden to show the contrary, Defendant alternatively pleads that Defendant is entitled to an offset or credit against Plaintiff's damages, if any, based on Plaintiff's earnings, income, unemployment benefits, disability benefits, workers' compensation benefits, and/or social security benefits.

6. Defendant had a widely disseminated anti-discrimination and/or anti-retaliation policy. Defendant has at all times exercised reasonable care to prevent and correct promptly any alleged discriminatory terms and conditions of employment, and Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities and procedures provided by Defendant or to otherwise avoid the harm about which he now complains.

7. Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant affirmatively pleads that the employment actions taken with respect to Plaintiff would have been taken in the absence of the alleged impermissible motivating factor.

8. Without waiver of Plaintiff's burden to prove that the alleged adverse employment

actions were motivated by an impermissible factor, Defendant alternatively pleads that the employment actions about which Plaintiff complains were taken for reasons other than Plaintiff's race.

9. Without waiver of Plaintiff's burden to show otherwise, Defendant alternatively pleads that Plaintiff's claims are barred in whole or in part by his failure to exhaust his administrative remedies.

10. Without waiver of Plaintiff's burden to show otherwise, Defendant did not act willfully or in reckless disregard of Plaintiff's rights and, accordingly, the imposition of exemplary damages would be improper. Furthermore, to the extent Plaintiff seeks exemplary damages, such claim for exemplary damages is barred because Defendant had anti-discrimination and anti-retaliation policies and procedures in place and Defendant made good-faith efforts to educate its employees on these policies.

11. Without waiver of Plaintiff's burden to prove that the alleged adverse employment actions were motivated by an impermissible factor, Defendant affirmatively pleads that the employment actions taken with respect to Plaintiff were not taken with either malice or reckless indifference to the protected rights of Plaintiff.

12. Plaintiff cannot recover punitive damages for any alleged discrimination because any such alleged discrimination would be contrary to Defendant's good faith efforts to comply with laws governing such conduct.

13. Plaintiff's claims for compensatory and punitive damages and other relief are subject to all applicable statutory caps and limitations, and constitutional limitations on damages.

14. Without waiver of Plaintiff's burden to show otherwise, Defendant is not liable for acts, if any, by employees that were not authorized by Defendant, and such employee, if any, had

no express or implied authority to engage in acts that were inconsistent with Defendant's written rules prohibiting conduct constituting unlawful discrimination and/or retaliation.

15. Without waiver of Plaintiff's burden to show otherwise, some or all of Plaintiff's claims are barred by the doctrines of unclean hands, waiver, estoppel, and laches.

16. Defendant reserves the right to plead additional defenses as appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that, upon a final hearing of this matter, that the Court grant judgment on behalf of Defendant; that Plaintiff take nothing by the above-captioned action; that Defendant recovers its reasonable attorneys' fees and costs of court, and that Defendant be awarded such other and further relief, at law or in equity, to which it may be justly entitled.

Dated February 21, 2023                                 Respectfully submitted,

/s/ Jeremy W. Hawpe
Jeremy W. Hawpe
State Bar No. 24046041
Courtney E. Jackson
State Bar No. 24116560
jhawpe@littler.com
cejackson@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Lock Box 116
Dallas, Texas 75201
214.880.8100
214.880.0181 Fax

ATTORNEYS FOR DEFENDANT
VALVOLINE LLC

## CERTIFICATE OF SERVICE

      I hereby certify that on the 21st of February, 2023, I electronically filed the foregoing document with the clerk of court for the U.S. District Court, Southern District of Texas, Houston Division, using the electronic case filing system of the court. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system as follows:

Melissa Carr
DuBois Bryant & Campbell LLP
303 Colorado, Suite 2300
Austin, Texas 78701
mcarr@dbcllp.com

Lewis A. Zipkin
Kevin M. Gross
The Zipkin Whiting Bldg
3637 South Green Road
Beachwood, OH 44122
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com

                */s/ Jeremy W. Hawpe*
                Jeremy W. Hawpe

4878-2000-5457.1 / 109503-1003