IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JEFFREY BROWN, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:22-cv-04059 |
| § | |
| VALVOLINE, LLC, FRANK HARRIS, § | |
| and DALAN MOTZ § | |
| § | |
| Defendants. § | |

**DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendants Frank Harris ("Harris") and Dalan Motz ("Motz") (collectively "Individual Defendants") file this Motion to Dismiss Plaintiff's Amended Complaint ("Amended Complaint") pursuant to Federal Rule of Civil Procedure 12(b)(6).

**I.
NATURE AND STAGE OF THE PROCEEDING**

Plaintiff, a former employee, filed his Original Complaint on November 22, 2022, alleging hostile work environment due to race in violation of Title VII of the Civil Rights Act of 1964 against Valvoline, LLC only. *See generally* Doc. 1. Thereafter, on February 2, 2023, Plaintiff filed his First Amended Complaint to include claims under 42 U.S.C. § 1981 (hostile work environment and retaliation) against Harris and Motz individually in their roles as Plaintiff's alleged former supervisor. *See generally* Doc. 15. On March 24, 2023, the Individual Defendants waived service of summons. *See* Doc. 17.

Harris and Motz now seek dismissal, with prejudice, of Plaintiff's Section 1981 claims against them, on the grounds that Plaintiff presents no viable claim for relief under federal law. Plaintiff has not plausibly pled, and cannot plausibly plead, sufficient facts that would give rise to

actionable claims against the Individual Defendants under Section 1981. Granting this motion will fully resolve all claims against Harris and Motz in this lawsuit and allow Plaintiff to proceed against the proper entity, his former employer.

## II.
## ISSUE TO BE RULED ON BY THE COURT

The issue to be ruled upon by the Court is whether Plaintiff failed to state claims against Motz and Harris for race discrimination (hostile work environment) and retaliation under Section 1981.

## III.
## LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to seek dismissal as a result of a plaintiff's failure to state a claim upon which relief can be granted. Under Rule 12(b)(6), a court may dismiss a plaintiff's claims if the plaintiff cannot prove any set of facts in support of his claim that entitles him to relief. *See Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 524 (5th Cir. 1994). The Court's inquiry is limited to whether the pleading sets forth allegations sufficient to establish the elements of a right to relief. *Elliott v. Foufas*, 867 F.2d 877, 880-81 (5th Cir. 1989) (noting that to effect a 12(b)(6) dismissal "it must appear to a certainty that the plaintiff can prove no set of facts in support of her claim."); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986); *O'Quinn v. Manuel*, 773 F.2d 605, 608 (5th Cir. 1985). A court, however, need not accept conclusory allegations and unwarranted deductions of fact as true. *Assoc. Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) (finding that conclusory allegations and unwarranted deductions of fact are not admitted as true).

A plaintiff must plead factual allegations sufficient to make his right to relief more than speculative in order to avoid dismissal for failure to state a claim. *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 570 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when a Plaintiff pleads factual content that allows the court to draw the reasonable inference that defendants are liable for the misconduct alleged. *Id.* (internal citations omitted). But, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has just alleged — and not "shown" — that the plaintiff is entitled to relief. *Id.* at 679; *see* FED. R. CIV. P. 8(a)(2). A court need not accept conclusory allegations and unwarranted deductions of fact to be true. *See Twombly*, 550 U.S. at 555-57.

In *Ashcroft*, the U.S. Supreme Court expanded upon its decision in *Twombly*, finding that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" The Court further explained:

> Two working principles underlie our decision in *Twombly*. First the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statement, do not suffice. (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation"). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Ashcroft,* 556 U.S. at 678-79 (citing *Twombly,* 550 U.S. at 555-56). Thus, after *Iqbal*, a court must begin its analysis of a complaint by "identifying the allegations . . . that are not entitled to the assumption of truth" – *i.e.*, those allegations which are mere conclusions. *Id.* at 664. Next, a court must consider the factual allegations in the complaint to determine if they plausibly suggest an entitlement to relief. *Id.* The mere possibility a defendant acted unlawfully is insufficient to survive a motion to dismiss. *Id.* at 678.

## IV.
## ARGUMENTS AND AUTHORITIES

**A. Plaintiff's Amended Complaint Should Be Dismissed as to Harris and Motz**

*1. Under Rule 12(b)(6), Plaintiff's Claims Against Harris and Motz Should be Dismissed for Failure to State a Claim Upon Which Relief Can be Granted.*

In his Amended Complaint, Plaintiff seeks damages from Harris and Motz as a result of alleged Section 1981 violations. At no point does Plaintiff contend that Harris or Motz were his "employers," and indeed they were not. Furthermore, Plaintiff fails to even allege that Harris or Motz was the functional equivalent of his employer.  The Fifth Circuit has never subjected non-supervisory co-workers to individual liability under Section 1981, and this Court should not do so in this case. *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003) (an individual can be liable under Section 1981 if that individual is "essentially the same" as the employer) (citing *Felton v. Polles*, 315 F.3d 470, 481 (5th Cir. 2002)).  In fact, the Fifth Circuit has specifically limited Section 1981 liability to only supervisory employees "acting on behalf of" the employer. *See e.g. Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997), *cert. denied*, 522 U.S. 1068 (1998).  More specifically, courts have only extended Section 1981 individual liability to those individuals who have authority over the employee or who were involved in the adverse employment action. *See Williams v. City of Richardson*, No. 3:16-CV-2944-L-BK, 2018 WL 5885540, at *3 (N.D. Tex. Aug. 15, 2018); *Miller v. Wachovia Bank, N.A.*, 541 F. Supp. 2d 858, 863 (N.D. Tex. 2008), *R. & R. adopted*, No. 3:16-CV-2944-L, 2018 WL 4269088, at *1 (N.D. Tex. Sept. 7, 2018).

The Fifth Circuit has time and time again held that in this Circuit, liability under Section 1981 will lie against an individual defendant only if that individual is "essentially the same as the [employer] for the purposes of the complained of conduct." *Foley,* 355 F.3d 337-337 (citing

*Bellows*, 118 F.3d at 274). The court's analysis turned on whether the individual had any authority over the adverse employment decision at issue. *Id.* at 340 (upholding individual liability under Section 1981 where Plaintiff showed evidence that the individuals were on the tenure committee and that the adverse decision was under the "indirect and secret control" of one of the individuals sued); *see also Causey v. Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285, 289-290 (5th Cir. 2004) (holding in a non-employment case, that individual liability may exist under Section 1981, if the individual was a supervisor who made the ultimate decision).

Throughout his Amended Complaint, Plaintiff has not alleged sufficient facts that support any viable cause of action against Harris or Motz, instead choosing to generally refer to them as his "supervisors." *See generally,* Doc. 15. In fact, Plaintiff only refers to Harris as "the Plant Manager," and to Motz as the "Assistant Plant Manager," without stating what, if any, supervisory control either exercised over him as it relates to the decisions challenged in this lawsuit. *Id*. at ¶¶ 27 and 34. In his Amended Complaint, Brown makes no allegations that would rise to the same level as Harris or Motz being "essentially the same" as his employer, stating only that Harris "threatened" to discipline Brown, and that Motz made some alleged Facebook posts on his *personal* social media account, none of which targeted Brown. *Id.* at ¶¶ 53 and 55; *See Miller*, 541 F. Supp. 2d at 858 (holding that an employee who did not exercise supervisory authority over coworker could not be held individually liable to coworker for intentional retaliation under § 1981, even if employee made many threatening and racially charged remarks and threatened to get coworker fired). As a result, Plaintiff's claims under Section 1981 against Harris and Motz must be dismissed.

    2. **Plaintiff's Section 1981 Retaliatory Hostile Work Environment Claims Against Harris and Motz are Not Recognized by the Fifth Circuit, and Should be Dismissed.**

Plaintiff's retaliatory hostile work environment claims likewise fail. Plaintiff's retaliation claims are premised on the allegation that Motz and Harris subjected him to a hostile work environment claim in retaliation for his alleged protected activity. Doc. 15 at ¶ 81 ("[t]he hostile work environment perpetuated by Valvoline, Harris and Motz in retaliation for Brown making complaints …."). While the Fifth Circuit recognizes hostile work environment claims brought under a theory of harassment premised on an employee's membership in a protected class, no such hostile work environment claim exists where the basis is retaliation. *Compare Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002) (identifying the factors needed to establish "a Title VII violation based on race discrimination creating a hostile work environment") *with Montgomery-Smith v. George*, 810 F. App'x 252 (5th Cir. 2020) ("This circuit has not recognized a retaliatory hostile work environment cause of action, though twelve circuits have.") and *Bryan v. Chertoff*, 217 F. App'x 289, 293 (5th Cir. 2007) (declining to "recognize a retaliatory hostile work environment" cause of action).

Accordingly, even if Defendants Harris and Motz could be liable for Plaintiff's Section 1981 retaliation claim, it fails as a matter of law.

3. *Plaintiff's Section 1981 Hostile Work Environment Claim Should be Dismissed.*

Plaintiff's hostile work environment claim against Defendants Motz and Harris similarly fails as Plaintiff has not alleged sufficient facts to create individual liability. *See* supra. However, even if he had articulated facts that sufficiently established potential individual liability, his hostile work environment claim nevertheless fails and should be dismissed.

To support his hostile work environment claim, Plaintiff asserts five actions he believes constitute a hostile work environment: (1) Harris and Motz generally "yelled at, threatened, and blamed their subordinate African American employees;" (2) Harris and Motz failed to discipline

Jamie Langston for a comment he made to another employee, that ostensibly, they were unaware of, (3) Motz made a statement to another employee stating "you people always want something for free," (4) Harris repeated a derogatory racial term used by another employee when recounting what the employee had said, and (5) Motz posted some memes and comments on his private Facebook account. *See* Doc. 15 at ¶¶ 27, 29-33, 34, 38, and 55. None of the foregoing events supports an actionable hostile work environment claim.[1]

To establish a hostile environment claim, Plaintiff must show that (1) he belongs to a protected class; (2) that he was subject to unwelcome racial harassment; (3) that the harassment was based on race; (4) that the harassment affected a "term, condition, or privilege" of employment; and (5) that the employer knew or should have known of the harassment and failed to take prompt remedial action. *See e.g., Shepherd v. Comptroller of Pub. Accts. of State of Tex.,* 168 F.3d 871, 873 (5th Cir. 1999) (quoting *Jones v. Flagship Int'l,* 793 F.2d 714, 719-20 (5th Cir. 1986)). Plaintiff's own Amended Complaint fails to satisfy the fourth element. "To affect a condition or privilege of employment, the harassment must be 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Stone v. La. Dept. of Revenue,* 590 F. App'x 332, 340 (5th Cir. 2014). Plaintiff's Amended Complaint describes at most an unpleasant relationship with a supervisor, insufficient to state a claim under the law. *Dixon v. Henderson*, 186 F. App'x 426, 428 (5th Cir. 2006) (per curiam)

---

[1] *See Johnson v. TCB Const. Co., Inc.*, 334 Fed. App'x. 666, 671 (5th Cir. 2009) (per curiam) (holding that "second-hand" harassment carries less evidentiary weight in a hostile-work environment case than actions or remarks that are directed at the plaintiff); *Culbert v. Cleco Corp.*, 926 F.Supp.2d 886, 897-98 (W.D. La. 2013) (conduct alleged not sufficiently severe or pervasive where a supervisor asked plaintiff if he knew what "[N-word] rigging" was, and his supervisor and other co-workers made a handful of other racist jokes over several year period, amongst other allegations); *Anderson v. Sikorsky Support Servs., Inc.*, 66 F.Supp.3d 863, 874 (S.D. Tex. 2014) (plaintiff failed to establish a *prima facie* case where he identified one incident where co-worker called him the N-word, and he overheard a supervisor use the N-word to another employee—all of which occurred over the course of a year).

(affirming lower court's denial of plaintiff's hostile work environment claim, because the "alleged mistreatment was caused by a personality conflict with his supervisor, not animus based upon race or gender"); *Reed v. Neopost USA, Inc.,* 701 F.3d 434, 440 n.4 (5th Cir. 2012) ("Slights . . . that often take place at work and that all employees experience, personality conflicts at work that generate antipathy, and snubbing by supervisors and co-workers are not actionable under Title VII." (cleaned up)); *Webb v. Randall's Flagship,* 2011 U.S. Dist. LEXIS 69367, 2011 WL 2565347, at *3 (S.D. Tex. June 27, 2011) (dismissing a hostile work environment claim where plaintiff alleged her manager "hollered and cursed at her"); *see also Faragher v. City of Boca Raton,* 524 U.S. 775, 788, (1998) (noting that the standards for hostile work environment are to ensure "Title VII does not become a 'general civility code.'").

The events alleged in Plaintiff's Amended Complaint are infrequent, isolated occasions, at most. Nothing about the foregoing allegations, even if true, plausibly supports a hostile work environment claim resulting from "the cumulative effect of the petty annoyances of daily harassment ... constitute[ing] a part of the same pattern of behavior that amounts to a continuous violation by rendering [the employee's] workplace a hostile environment." *Mack v. John L. Wortham & Son, L.P.*, 541 Fed. Appx. 348, 357 (5th Cir. 2013). For these reasons, it would be futile to allow Plaintiff's hostile work environment claims to continue, and as such, Plaintiff's claims should be dismissed.

## V.
## PLAINTIFF SHOULD NOT BE GRANTED LEAVE TO REPLEAD

Plaintiff may seek leave to replead. Any such request should be denied, because repleading would be futile. Before filing this motion, as required under this Court's rules, Motz and Harris advised Plaintiff's counsel of the deficiencies in the Amended Complaint. Plaintiff responded that he would not be dismissing the Individual Defendants.

Moreover, Plaintiff has already filed an Amended Complaint, and Harris and Motz submit that Plaintiff is unable to allege facts showing that Harris and Motz were "essentially the same as his employer" to assert jurisdiction over the Individual Defendants under Section 1981. Therefore, any leave to replead should be denied, based on futility.

## VI.
## CONCLUSION AND PRAYER

For these reasons, Defendants Frank Harris and Dalan Motz respectfully request that this Court grant its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and dismiss with prejudice all claims asserted against them in Plaintiff's Amended Complaint.

Dated: May 22, 2023

*Of Counsel:*

Urvashi Morolia
Texas Bar No. 24096083
Federal ID No. 3436021
umorolia@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, Texas 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

Respectfully submitted,

By: */s/ Jeremy W. Hawpe*
Jeremy W. Hawpe
Texas Bar No. 24046041
jhawpe@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201-2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS FRANK HARRIS AND DALAN MOTZ**

## CERTIFICATE OF CONFERENCE

I certify that counsel for Defendants conferred with counsel for Plaintiff regarding the relief sought in this Motion May 16, 2023, and Plaintiff refused to dismiss the Individual Defendants.

*/s/ Jeremy W. Hawpe*
Jeremy W. Hawpe

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lewis A. Zipkin
Kevin M. Gross
The Zipkin Whiting Bldg
3637 South Green Road
Beachwood, OH 44122
zfwlpa@aol.com
kgross.zipkinwhiting@gmail.com
*Pro Hac Vice Counsel for Plaintiff Jeffrey Brown*

And

Melissa Carr
DuBois Bryant & Campbell LLP
303 Colorado, Suite 2300
Austin, Texas 78701
mcarr@dbcllp.com
*Texas Counsel for Plaintiff Jeffrey Brown*

                                                         */s/ Jeremy W. Hawpe*
                                                         Jeremy W. Hawpe