**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JEFFREY BROWN,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-cv-04059** |
| | § | |
| **VALVOLINE, LLC, FRANK HARRIS, and DALAN MOTZ,** | § | |
| | § | |
| **Defendants.** | § | |

**DEFENDANTS' OBJECTIONS TO**
**PLAINTIFF'S SUMMARY JUDGMENT EVIDENCE**

On November 17, 2023, Defendants Valvoline, LLC ("Valvoline"), Frank Harris ("Harris") and Dalan Motz ("Motz") (Harris and Motz collectively "Individual Defendants") moved for summary judgment. (Doc. 24). Plaintiff Jeffrey Brown ("Brown") filed his Response on December 8, 2023. (Doc. 25). Plaintiff's Response violates Federal Rule of Civil Procedure 56 because it relies heavily on inadmissible evidence. As such, Defendants make the following objections as set forth herein.

## I.
## ARGUMENT AND AUTHORITIES

### A. Summary Judgment Evidence Must Be Admissible.

To avoid summary judgment, the non-moving party must "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The non-movant may meet its obligation by setting out specific facts in affidavits or as otherwise provided in Rule 56. *See* FED. R. CIV. P. 56(c). Rule 56 ensures, however, that only admissible evidence is considered by requiring that any affidavit "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated." *See* FED R. CIV. P. 56(c)(4). "The admissibility of summary judgment evidence is subject to the same rules of admissibility applicable to a trial." *Pegram v. Honeywell, Inc.*, 361

F.3d 272, 285 (5th Cir. 2004). Therefore, declarations, or portions thereof, should be stricken from the record if they fail to comport with this rule by, for example, containing conclusory or unsubstantiated assertions. *See Little v. Liquid Air Corp*., 37 F.3d 1069, 1075 (5th Cir.1994) (en banc) (neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden); *Richardson v. Oldham*, 12 F.3d 1373, 1378 (5th Cir. 1994) ("[m]ere conclusory allegations are not competent summary judgment evidence" and may be stricken from the record when submitted in an affidavit); *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998) (unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not competent summary judgment evidence).

**B. Inadmissible Testimony in Plaintiff's Declaration Must Be Struck.**

1. *Plaintiff's Conclusory Allegations Should Be Struck.*

A party opposing summary judgment must introduce evidence that would be admissible at trial, so declarations should be stricken if they contain inadmissible hearsay or legal conclusions. *Lechuga v. Southern Pacific Transp. Co.*, 949 F.2d 790, 798 (5th Cir. 1992) ("Conclusory statements in an affidavit do not provide facts that will counter summary judgment evidence, and testimony based on conjecture alone is insufficient to raise an issue to defeat summary judgment."); *In re Favre*, 342 F. App'x 5, 8 (5th Cir. 2009) (affirming a district court's decision to strike an affidavit which was "comprised of nothing more than conclusional allegations and legal arguments"); *Gibson v. Liberty Mut. Group*, 129 F. App'x 94, 95 (5th Cir. 2005) (holding that a district court properly struck portions of an affidavit submitted to oppose a motion for summary judgment which contained "legal conclusions and hearsay and was not based upon [the affiant's] personal knowledge").

Brown's Declaration is riddled with the following legal conclusions and other inadmissible assertions:

- …I immediately noticed a discriminatory environment. (Doc. 25-2 ¶ 4).
- … I could not figure out why Dalan Motz, a far less qualified Caucasian … (*Id.*). [1]
- The Caucasians were in charge there, and the African Americans held inferior positions and were treated unfairly. (*Id.*).
- This created racially charged hostility in the workplace, and it affected the African American employees' ability to do their jobs. (*Id.* at ¶ 5)
- In retaliation, Mr. Harris reduced my job responsibilities and gave me menial tasks, such as doing daily audits. (*Id.* at ¶ 13).
- On January 3, 2022, I was constructively discharged… (*Id.*).

These are the types of impermissible, conclusory assertions that are objected to and routinely struck in employment cases. *See, e.g.*, *Hypolite v. City of Houston*, 493 F. App'x 597, 607-08 (5th Cir. 2012) (holding that "conclusory statements" about alleged "badgering harassment or humiliation" are insufficient to overcome summary judgment); *Watts v. Kroger Co.*, 955 F. Supp. 674, 678 (N.D. Miss. 1997) (striking a summary judgment declaration that contained "conclusory" allegations of harassment); *Wilkerson v. Boomerang Tube, LLC*, NO. 1:12–CV–198, 2014 WL 5282242, at *15 (E.D. Tex. Oct. 15, 2014) (holding that the plaintiff's subjective beliefs of retaliatory or discriminatory intent, even if presented in affidavit form, were mere conclusions that did not raise a fact issue as to summary judgment in a retaliation case); *Drake v. Spring Ind. Sch. Dist.*, No. 20-20376, 2021 WL 3176081, at *4 (5th Cir. Jul. 27, 2021) (holding that the district court properly struck conclusory declaration testimony that the defendant "discriminated and retaliated against" her); *see also Mickey v. Texas Co-op. Extension,* No. CIV.A. H-05-3931, 2007 WL 2220978, at *8 (S.D. Tex. Aug. 1, 2007) (holding that the plaintiff's declaration, which only provided conclusory statements and

[1] In addition to be conclusory, Plaintiff admitted that he is unaware of Mr. Motz's qualification. *See* Doc. No. 24-6 (Plaintiff's deposition at 31:10-18).

subjective beliefs, was not competent summary judgment evidence) *aff'd sub nom* at 265 F. App'x 177 (5th Cir. 2008); *Roundtree-McCoy v. Miss. Valley St. Univ.*, NO. 3:14cv747-DPJ-FKB, 2016 WL 4821647, *3 (S.D. Miss. Sept. 13, 2016) (holding that the plaintiff's 21-page affidavit did not prove pretext despite denying the allegations of misconduct are alleging that the reasons were pretext, because this was the plaintiff's subjective belief and not proof of retaliation). Thus, Plaintiff's conclusory statements above should be struck.

2. *Plaintiff's speculation about other employees' experiences and other individuals' states of mind should be struck.*

Plaintiff makes several allegations about what other employees experienced at Valvoline without any personal knowledge. For example, Plaintiff alleges that "subordinate African American employees knew they were the scapegoats." (Doc. 25-2 ¶ 5). Plaintiff provides no factual basis for such conclusory allegations about what other, unidentified employees were told or knew, why they felt a certain way, and whether any other employee also felt the same way. His speculation is inadmissible. *See* FED. R. EVID. 602; *Russell v. Parkview Baptist School, Inc.* No. 19-760-JWD-EWD, 2021 WL 1147162, at *15 (M.D. La. Mar. 25, 2021) (holding that the plaintiff failed to provide any foundation in her affidavit for concluding that other employees had not been harassed for similar conduct to hers); *Navedo v. Nalco Chem., Inc.*, 848 F. Supp. 2d. 171, 179 (D.P.R. 2012) (citing *Perez v. Volvo Car Corp.*, 247 F.3d 303, 316 (1st Cir. 2001)) ("[A] bare assertion that a statement is based on the affiant's personal knowledge will not suffice; rather, the affidavit must be factually specific and explain the basis for that knowledge.").

Similarly, Plaintiff claims without any foundation that Mr. Harris wanted to reduce the number of African American employees in order to increase the diversity at Valvoline. (Doc. 25-2 ¶ 5). Plaintiff cannot possibly know what Mr. Harris intended when he allegedly made that statement, so Plaintiff's testimony is speculative, inadmissible, and should be struck. *See* FED.

R. EVID. 602.

Plaintiff's Declaration is also replete with speculative assertions about the state of mind of other employees. By way of examples, Plaintiff alleges:

- Mr. Motz and Frank Harris, the Caucasian plant manager, were under pressure because of their mismanagement of the plant. (Doc. 25-2 at ¶ 5).
- The subordinate African American employees knew they were the scapegoats for their Caucasian management, but they understood that they had to keep quiet if they wanted to keep their jobs. (*Id.*).
- By the smirk on his face, it was apparent that Mr. Harris took great joy in saying those words to my face, and I believe he wanted me to be *very* aware of that fact. (*Id.* at ¶ 6).
- In July or August of 2020, Mr. Harris told me that he "needed more diversity in the workplace," which I understood as Mr. Harris wanting to reduce the number of African Americans working at the plant, given that the workforce at the La Porte plant is predominantly African American. (*Id.* at ¶ 7).
- I am an African American man, and I have been around for a while—I know what it means when a Caucasian says "you people" to an African American, and I know what it means when a Caucasian says an African American "wants something for free." (*Id.* at ¶ 12).
- Valvoline is willing to substantiate allegations when they are made by Caucasians, but not when they are made by African Americans like me. (*Id.* at ¶ 15).

Plaintiff's testimony regarding other employees' intentions, thoughts, or states of mind constitute inadmissible speculation, which cannot serve as competent summary judgment evidence. *See* FED. R. EVID. 602; *White v. United Parcel Serv., Inc.*, No. CV H-20-2813, 2021 WL 4941998, at *5 (S.D. Tex. Oct. 22, 2021) (striking the plaintiff's declaration as to statements about the thoughts, perceptions, and beliefs of others as speculative); *Gibbs v. City of Houston*, No. CVH-18-4278, 2020 WL 7696093, at *3 (S.D. Tex. Dec. 28, 2020) (striking portions of the plaintiff's declaration that were conclusory or otherwise making improbable inferences and unsubstantiated assertions outside of the plaintiff's personal knowledge). Therefore, Defendants object to Plaintiff's speculation about other employees' experiences and other individuals' states

of mind as noted above.

## II.
## CONCLUSION

For the reasons discussed herein, Defendants Valvoline, LLC, Frank Harris and Dalan Motz respectfully object to Plaintiff's summary judgment evidence and move the Court to strike the evidence as requested, and grant Defendants all other relief to which they are entitled.

Dated: December 15, 2023

Respectfully submitted,

*/s/ Jeremy W. Hawpe*
Jeremy W. Hawpe *(Attorney-in-Charge)*
Texas State Bar No. 24046041
jhawpe@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

*Of Counsel:*

Urvi Morolia
Texas State Bar No. 24096083
Federal ID No. 3436021
umorolia@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX 77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lewis A. Zipkin, Esq.
Kevin M. Gross, Esq.
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
Lawsmatter2@gmail.com
kgross@zipkinwhiting.com

***Attorneys for Plaintiff***

*/s/ Urvi Morolia*
Urvi Morolia