United States District Court
Southern District of Texas
**ENTERED**
March 07, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:22-cv-04059 |
| | § | |
| VALVOLINE, LLC, FRANK HARRIS, and DALAN MOTZ, | § | |
| | § | |
| *Defendants*. | § | |

## ORDER

Pending before the Court is Defendants Frank Harris ("Harris") and Dalan Motz's ("Motz") (collectively, "Defendants") Motion to Dismiss Plaintiff's Amended Complaint. (Doc. No. 18). Plaintiff Jeffrey Brown ("Brown") filed a response. (Doc. No. 19). Harris and Motz replied. (Doc. No. 20). After considering the motions and the law, the Court hereby **GRANTS IN PART** and **DENIES IN PART** Harris and Motz's Motion to Dismiss. (Doc. No. 19).

### I.  Background

Brown is a former employee of Valvoline's La Porte, Texas plant. Shortly after he began working at the plant in February 2020, Brown alleges that he "noticed a discriminatory environment." (Doc. No. 15 at 3). He claims that "all the managers were Caucasian while all the subordinate shift supervisors and material handlers were African American." (*Id.*). Brown alleges that he interviewed for a managerial position but was denied the job in favor of Motz, "a far less qualified Caucasian." (*Id.*). Brown further alleges that the plant was mismanaged and, as a result, Motz and Harris "yelled at, threatened, and blamed their subordinate African American employees for their own shortcomings." Brown also claims that demeaning comments were directed at

African American employees by their Caucasian supervisors, and that racial slurs were used by Harris in Brown's presence. After an incident in which Brown alleges that he was asked to "falsify" attendance records at the behest of Motz, Motz allegedly revoked Brown's vacation days and Harris and Motz "started taking turns berating Brown." Brown further alleges that, in retaliation for reporting him to his superiors, Harris reduced Brown's job responsibilities and assigned him menial tasks. On January 3, 2022, Brown alleges that he was constructively discharged.

Brown asserts four causes of action against Valvoline: a claim for hostile work environment based on race under Title VII, a claim for hostile work environment based on race under 42 U.S.C. § 1981, a claim for retaliation under § 1981, and a failure to hire claim under § 1981. Against Harris and Motz, Brown asserts a hostile work environment claim under § 1981 and a retaliation claim under § 1981.

Harris and Motz move to dismiss the claims against them pursuant to Rule 12(b)(6), arguing that Plaintiff presents no viable claim for relief against them under § 1981.

## II. Legal Standard

### A. Motion to Dismiss

A defendant may file a motion to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting

*Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept factual assumptions or legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. When there are well-pleaded factual allegations, the court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

### B. Employment Discrimination under 42 U.S.C. § 1981

Section 1981(a) provides that "all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts…as is enjoyed by white citizens." 42 U.S.C. § 1981(a). The phrase "make and enforce contracts" is defined to include "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

"To prevail under section 1981, the plaintiff must prove a prima facie case of intentional discrimination." *Bellows v. Amoco Oil Co.*, 118 F.3d 268, 274 (5th Cir. 1997) (citing *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996)). "The plaintiff may establish a prima facie case by direct evidence or, more commonly, by circumstantial evidence of discriminatory motive." *Id.* (citations omitted). "To establish a section 1981 claim, the plaintiff must show that (1) he or she is a member of a racial minority; (2) the defendant had an intent to discriminate on the basis of race; and (3) the discrimination concerned one or more of the activities enumerated in the

3

statute[.]" *Id.* (citations omitted). The Fifth Circuit considers racial discrimination and retaliation claims based on Title VII and 42 U.S.C. § 1981 "under the same rubric of analysis." *Johnson v. PRIDE Indus., Inc.*, 7 F.4th 392, 399 (5th Cir. 2021).

### III. Analysis

#### A. Defendants' Motion to Dismiss

Harris and Motz urge this Court to dismiss Brown's § 1981 retaliation and hostile work environment claims against them for three reasons. At the outset, Defendants argue that Brown does not plausibly allege that Harris and Motz were his supervisors for the purposes of liability under § 1981. Next, Defendants argue that Brown's retaliation claim is actually a "retaliatory hostile work environment" claim, which has not been recognized by the Fifth Circuit and must be dismissed. Finally, Defendants argue that Brown has failed to allege facts establishing that they can be held individually liable for a hostile work environment under § 1981.

#### 1. Individual liability under § 1981

First, the Court considers whether Brown plausibly alleges that Harris and Motz were "essentially the same" as Brown's employer such that they may be held individually liable for retaliation or hostile work environment discrimination under § 1981.

The Fifth Circuit has held that a plaintiff can state a claim under § 1981 against an individual defendant who is not a party to the employment contract (i.e., a direct supervisor) where the individual defendant is "essentially the same" as the employer for the purposes of the conduct alleged. *Felton v. Polles*, 315 F.3d 470, 480-81 (5th Cir. 2002). In other words, where an individual defendant exercised "control over the plaintiff with respect to an employment decision," that defendant "may be individually liable if the [defendant] was 'essentially the same' as the employer in exercising this authority." *Miller*, 541 F. Supp. 2d at 863. The caselaw is clear that any § 1981

4

claims against non-supervisor employees "must be dismissed." *McLennan v. Oncor Elec. Delivery Co. LLC*, Civil Action No. 3:12-CV-00531-G (BF), 2012 U.S. Dist. LEXIS 105858, at *12 (N.D. Tex. July 6, 2012).

Harris and Motz contend that the claims against them should be dismissed because "at no point does Plaintiff contend that Harris or Motz were his employers." (Doc. No. 18 at 4). Harris and Motz argue that Plaintiff refers to Harris as the "Plant Manager" and to Motz as the "Assistant Manager" without stating what supervisory control they exercised over Plaintiff. In response, Brown argues that he properly alleged in the Amended Complaint that Harris and Motz were Brown's direct supervisors with the ability to hire and fire employees. (Doc. No. 15 at 4-5). In his Amended Complaint, Brown alleges that "Harris and Motz were supervisors of Brown." (Doc. No. 15 at 1). Brown further alleges that "Harris…threatened discipline up to termination if Brown dared leave his office" after a meeting in which Brown threatened to call Human Resources based on Harris and Motz's "abuse and hostility." (Doc. No. 15 at 6). Brown also alleges that Motz withheld (or threatened to withhold) his vacation time during that meeting, saying that "he would not be going anywhere." (*Id.*). Finally, Brown alleges that Harris "reduced Brown's job responsibilities and gave him menial tasks doing daily audits" in retaliation for Brown's complaints about his work environment. (*Id.* at 8). Accepting all well-pleaded facts in the complaint as true and viewing them in the light most favorable to Brown, the Court finds that Brown has plausibly alleged—at the pleadings stage—that Harris and Motz exercised supervisory control over him such that they were "essentially the same" as his employer, Valvoline, for the purposes of individual liability under § 1981. That portion of Defendants' Motion to Dismiss is denied.

### 2. Plaintiff's § 1981 Retaliation Claims Against Harris and Motz

#### a. "Retaliatory hostile work environment" under § 1981

The parties disagree over what type of retaliation claim was actually alleged against Harris and Motz. Harris and Motz argue that Brown stated a "retaliatory hostile work environment claim" against them, which the Fifth Circuit has not recognized. *See Heath v. Bd. of Supervisors for S. U. and Agric. and Mech. College*, 850 F.3d 731, 741 n.5 (5th Cir. 2017), *as revised* (Mar. 13, 2017) ("We have not recognized a retaliatory hostile work environment cause of action."). In response, Brown notes that he "named a claim for retaliation and a claim for hostile work environment, not a retaliatory hostile work environment claim." (Doc. No. 19 at 5). Under the cause of action for retaliation, Brown alleges that "the hostile work environment perpetuated by Valvoline, Harris, and Motz *in retaliation for Brown making complaints* about race discrimination led to his constructive and wrongful discharge." (Doc. No. 15 at 11) (emphasis added). To the extent Brown's retaliation claim against Harris and Motz is premised on a "retaliatory hostile work environment," the Fifth Circuit has not recognized that cause of action and the Court dismisses that cause of action against all Defendants.

#### b. Retaliation under § 1981

Nonetheless, Brown's Amended Complaint alleges that his job responsibilities were "reduced" and that he was given "menial tasks" after "Brown made numerous complaints about the racially hostile work environment he was subjected to." (Doc. No. 15 at 8). This conduct, taken at face value, does state a claim for retaliation under § 1981. To support this cause of action, Brown identifies only Harris as the supervisor responsible for the allegedly retaliatory conduct. There is no corresponding allegation that Motz was involved. The Court accordingly dismisses Plaintiff's retaliation claim against Motz.

The Court does not, however, dismiss the retaliation cause of action against Harris premised on the reduction of Brown's job responsibilities. Brown alleges that he engaged in protected activity when he "reported Harris to Harris's supervisor, Rob Shelton, after Harris repeatedly used the [n-word] to Brown's face in the workplace." (Doc. No. 15 at 11). Brown then claims that Harris reduced his responsibilities in retaliation for that protected activity. This is sufficient for Brown's retaliation claim against Harris to survive a Rule 12(b)(6) motion to dismiss.

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion to Dismiss Brown's "retaliatory hostile work environment claim" against all Defendants (to the extent Brown actually pleaded that claim). The Court further **GRANTS** Defendants' Motion to Dismiss Plaintiff's § 1981 retaliation claim against Motz. The Court **DENIES** Defendants' Motion to Dismiss Plaintiff's § 1981 retaliation claim against Harris.

### 3. Plaintiff's § 1981 Hostile Work Environment Claim Against Harris and Motz

"A hostile work environment exists when the 'workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive work environment.'" *Johnson*, 7 F.4th at 399 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21, 114 S.Ct. 367, 126 L.Ed.2d 295 (1993)). "To establish a claim of hostile work environment, a plaintiff must prove he (1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Id.* at 399-400 (citing *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). Harassment is sufficiently severe or pervasive to alter a term or condition of a victim's employment where it is "objectively hostile or abusive—

meaning an environment that a reasonable person would find hostile or abusive—and is subjectively perceived by the victim as abusive." *Id.* at 400 (citing *Harris*, 510 U.S. at 21) (internal quotation marks omitted).

The Court finds that Brown has sufficiently alleged the first three elements of the hostile work environment claim: Brown is African American, and he has alleged that he was harassed based on his race. (Doc. No. 15 at 1). Defendants claim that Brown has failed to plausibly allege that the harassment was "severe or pervasive" such that it altered the terms and conditions of his employment. Defendants argue that "Plaintiff's Amended Complaint describes at most an unpleasant relationship with a supervisor, insufficient to state a claim under the law." (Doc. No. 18 at 7). Defendants point to caselaw which holds that "slights…that often take place at work and that all employees experience…are not actionable under Title VII." *Reed v. Neopost USA, Inc.*, 701 F.3d 434, 440 n.4 (5th Cir. 2012).

The "most obvious—and obviously offensive—evidence of racial harassment" consists of "the use of racist slurs." *Johnson*, 7 F.4th at 400. Brown has alleged that Harris repeatedly used a racist slur in his presence. Brown claims that Harris "told Brown that some of the workers on the floor were calling each other names including "[n*****]" and "punk-a** [n*****]" and asked Brown how to handle it. (Doc. No. 15 at 5). Brown alleges that he was "stunned and highly offended" by the remark[s] and told Harris that the workers should be fired. (*Id.*). The Fifth Circuit has observed that the term allegedly used by Harris is "the most noxious racial epithet in the contemporary American lexicon." *Johnson*, 7 F.4th at 401 (citations omitted). Indeed, "far from a 'mere offensive utterance, this slur is inherently and deeply 'humiliating.'" *Id.* (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). At the pleadings stage, the plaintiff need only plead factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged. Here, Harris' alleged use of racist slurs in Brown's presence along with the other allegations made in Brown's First Amended Complaint are sufficient to state a plausible claim for relief under § 1981. Accepting all well-pleaded facts as true and in the light most favorable to the plaintiff, the Court finds that Brown's hostile work environment claim against Harris must survive a Rule 12(b)(6) motion to dismiss.

As against Motz, however, the Court finds that Brown fails to state a claim for hostile work environment under § 1981. Brown allegations against Motz include that he "never disciplined or corrected" an employee who made a derogatory comment. (Doc. No. 15 at 4-5). Brown also claims that Motz "made a discriminatory remark in the workplace" against Price, another employee. Finally, Brown alleges that Motz and Harris "took turns berating Brown" during a meeting in which Motz told Brown that he needed "to go back and verify last year's attendance for twenty people in three days, including verifying months prior to Brown's employment at the plant." (*Id.* at 6). Brown also alleges that Motz made several offensive Facebook posts "while he was employed as a manager and working at Valvoline." (*Id.* at 7-8). Brown does not specify how the alleged harassment by Motz affected a term, condition, or privilege of his employment at Valvoline other than to say that "the totality of the circumstances supports a pervasive hostile work environment." Moreover, most of the conduct described by Brown and attributed to Motz was allegedly directed against other employees[1] (the discriminatory remark against Price) or occurred on a social media page outside of the workplace.

---

[1] Second-hand harassment is "relevant" but "less objectionable than harassment directed at the plaintiff." *Moser v. Indiana Dept. of Corrections*, 406 F.3d 895 (7th Cir. 2005). Given that comments directed at other employees constitute the totality of the racially motivated harassment allegations against Motz, the Court finds that this is insufficient to state a plausible claim for relief against Motz under *Twombly*, 550 U.S. at 544.

The Court hereby **DENIES** Defendants' Motion to Dismiss Plaintiff's § 1981 hostile work environment claim against Harris. The Court **GRANTS** Defendants' Motion to Dismiss Plaintiff's § 1981 hostile work environment claim against Motz.

In conclusion, and after considering the motions and the law, the Court **GRANTS IN PART** and **DENIES IN PART** Harris and Motz's Motion to Dismiss. (Doc. No. 19). Defendant Motz is dismissed from the action.

Signed at Houston, Texas, on this the 7th day of March, 2024.

Andrew S. Hanen
United States District Judge