IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JEFFREY BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:22-cv-04059 |
| | § | |
| VALVOLINE, LLC and FRANK HARRIS, | § | |
| | § | |
| Defendants. | § | |

## DEFENDANTS' PROPOSED VOIR DIRE

Pursuant to the Court's procedures and the Scheduling Order governing this case, Defendants VGP Holdings, LLC f/k/a Valvoline, LLC and Frank Harris submit the following list of questions they desire the Court to ask prospective jurors during voir dire:

1. The Plaintiff in this case is Jeffrey Brown former employee of Valvoline. Do you or any member of your family know Mr. Brown? If so, in what manner, i.e., are you related to him, or do you know him socially or through business?

2. Have you or anyone in your immediate family had any business dealings with Mr. Brown? If so:

    a. Please state the nature of those business dealings; and

    b. Would those business dealings make it difficult for you to be a fair and impartial juror in this case?

3. Mr. Brown is represented in this case by Lewis Zipkin and Kevin Gross of the law firm Zipkin Whiting Co. out of Cleveland, Ohio. Do any of you or any of your immediate family members know these attorneys? If so, in what manner, i.e., are you related to them, or do you know them socially or through business? If so, please state the nature of your

relationship or dealings with Mr. Zipkin and Mr. Gross and whether that relationship or those dealings would make it difficult for you to be a fair and impartial juror in this case.

4. Have any of you or any member of your immediate family ever had any dealings with Mr. Lewis Zipkin and Mr. Kevin Gross or any of the individuals who work in that office? If so, state the nature of those dealings and whether those dealings would make it difficult for you to be a fair and impartial juror in this case.

5. The attorneys representing the Defendants in this lawsuit are Jeremy Hawpe and Urvashi Morolia with the law firm of Littler Mendelson.

   a. Do any of you know any of these attorneys?

   b. Have any of you had any dealings with any of these attorneys?

   c. If so, please state the nature of those dealings.

6. Have any of you or any member of your immediate family had any dealings with the law firm of Littler Mendelson? If so, state the nature of those dealings and whether those dealings would make it difficult for you to be a fair and impartial juror.

7. Have you or any of your family members worked for Valvoline?

8. Mr. Brown has also sued his former supervisor, Frank Harris. Do you or any member of your family know Mr. Harris?

9. Do any of you know any persons who have worked for or who are currently working for Valvoline? If so:

   a. Please state the name of that employee;

   b. Please state the nature of the acquaintance; and

   c. Would your acquaintance with that person make it difficult for you to be a fair and impartial juror in this case?

10. Have any of you or has any member of your immediate family ever had a dispute, claim or lawsuit against or with Valvoline or another employer?  If so, what was the nature of those disputes, claims, or lawsuits? What was the outcome?  Would the nature of or the outcome of that dispute, claim or lawsuit make it difficult for you to be a fair and impartial juror in this case?

11. Have any of you or has any member of your immediate family ever had a dispute, claim or lawsuit against a business? If so, what was the outcome? Would the outcome of that dispute, claim or lawsuit make it difficult for you to be a fair and impartial juror in this case?

12. Mr. Brown has listed the following witnesses who will testify on his behalf.  I will read you the names of those witnesses who will testify on Mr. Brown's behalf.  Do you know any of them, and, if so, in what manner?

    *See Plaintiff's Witness List.*

13. Valvoline and Mr. Harris have listed the following witnesses who will testify on their behalf.  I will read you the names of those witnesses and ask you if you know any of them. If so, in what manner.

    *See Defendants' Witness List*

14. Have you ever filed any type of incident report or complaint (whether it be a formal one or an informal one) with any of your employers (past or current)? Do you feel that you were treated fairly after you reported, or spoke out, about the complaint with your employers (past or current)?

15. Have you ever thought about filing any type of incident report or complaint with any of your employers (past or current) and chose not too?  What prevented you from doing so?

3

16. Have you or a close relative or friend ever felt discriminated against at work (but never made a complaint) because of your race or any other protected category?

17. Have you or a close relative or friend ever been treated unfairly because of their race? If so, please explain.

18. Do you believe you or a close relative or friend have been subjected to a hostile work environment because of race or other protected categories? If so, please explain.

19. Have you or a close relative or friend felt retaliated against in any place of employment based on protected characteristics – such as race? Please describe the alleged retaliation, who engaged in the alleged retaliation (i.e., a co-worker or supervisor), and how the matter was resolved. If your answer is "yes," would this affect in any way your ability to listen to the testimony impartially and to render an impartial verdict in this case?

20. Do you believe you or a close relative or friend were not hired for a position or job because of race or other protected categories? If so, please explain.

21. Can you agree that there is a difference between an employee feeling he was treated unfairly and actually being discriminated against?

22. If you were supervising a Black employee, and that employee said something that could be viewed as racist, does anyone here believe it would be inappropriate to seek the advice of a Black manager on whether discipline should be issued?

23. Employees-at-will can be terminated or can leave at any time for any reason as long as it was not an illegal reason. Does anyone have a problem with that?

24. If a manager assigns a task to an employee that falls within that employee's skill set and/or job description, the employee is obligated to complete that job or task – whether they dislike it or not. Does anyone disagree with that?

25. How many of you have been a manager or supervisor of other employees? If so, please explain the nature of your job and the areas in which you supervise other employees.

26. How many of you have been trained in or work in human resources?

27. How many of you have had to terminate another employee's employment?

28. How many of you have been involuntarily terminated from a job?

29. How many of you have been terminated from a job for misconduct? If you have been a manager, have you terminated anyone's employment for misconduct?

30. If you have resigned from your employment, how many of you resigned because you did not like your manager or your employer?

31. Would you agree with me that there is a difference between not liking your manager or employer and being discriminated against?

32. Have you or has any member of your immediate family ever been a plaintiff or a defendant in a case involving employment discrimination, harassment or unlawful retaliation? If so:

    a. Please state whether you were a plaintiff or a defendant;

    b. Please state the nature of the suit; and

    c. Please state the name of the other party or parties who were involved in the lawsuit.

33. Are you in a union at work? Have any of you ever been a member of a union? If so, what union?

34. Have any of you filed charges of discrimination with the Equal Employment Opportunity Commission, the Texas Commission of Human Rights, the Civil Rights Division of the Texas Workforce Commission, the National Labor Relations Board, or any other governmental agency? If so, please explain.

35. Have you or any close relative or friend ever attempted or actually given evidence, deposition testimony, or live testimony in an administrative or court proceeding against your employer? If so, please explain.

36. Are you or have you been in the military?

37. Do you know anyone in this courtroom, including other potential jurors?

38. Do any of you believe that a plaintiff, that is, a person who sues someone else, is automatically entitled to recover something just because he or she brought the lawsuit? If so, please explain.

39. Did you ever feel that any of your supervisors ever harassed you or treated you unfairly? If so, please explain.

40. Do you believe that, as a general rule, most corporations treat their employees in an unfair way?

41. Do you think that you or a family member has been discriminated against by your/their past or current employer?

42. Have you ever felt forced or pushed out of a job?

43. Has one of your supervisors ever treated you unfairly? If so, please explain.

44. Is there any reason why you would not be a good juror for this particular case?

45. Our judicial system provides that it is up to the plaintiff to prove his allegations by a preponderance of the credible evidence. It is not up to the defendant to disprove the plaintiff's charges. If the plaintiff fails to convince you that his allegations in this lawsuit are true, would any of you have any difficulty returning a verdict for Valvoline?

46. Is there any member of the jury panel who thinks that the defendant must have done something wrong or it would not have been sued?

47. How many of you have attended college?  How many have bachelor's degrees?

48. Do any of you know any fact, or is there anything in your background, which, if it were known to the plaintiff or counsel for the defendant, might cause them to select some other juror in preference to you to sit in this case?  If so, please explain.

49. The Court will explain to you that you are not only the sole triers of the facts of this case, but also that you must make your determination in accordance with the Court's instructions and in accordance with the rules of law.  No matter what your opinion of what the law ought to be, you are required to base your verdict on the law as given by the instructions of the Court, whether or not you personally feel that the verdict is fair.  Do any of you feel that you cannot carry out this responsibility?

50. Do any of you have any impairments of hearing, seeing or feeling, or any other personal or mental condition or disease which would prevent you from serving on the jury of this case if chosen to do so?  If so, please explain.

51. Are any of you practicing attorneys or currently enrolled in law school?  If so, please explain.

52. Do any of you have any personal or business problems which would preoccupy you and which would prevent you from giving your undivided attention to this case, if selected to serve on the jury?  If so, please explain.

53. Do any of you know of any reason why you cannot fairly and impartially try the issues of this case solely on the evidence presented and the law as given to you by the Court, if selected to be on the jury?  If so, please explain.

| | |
|---|---|
| Dated: May 15, 2024 | Respectfully submitted, |

*Of Counsel:*

Urvi Morolia
Texas State Bar No. 24096083
Federal ID No. 3436021
umorolia@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

*/s/ Jeremy W. Hawpe*
Jeremy W. Hawpe *(Attorney-in-Charge)*
Texas State Bar No. 24046041
jhawpe@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lewis A. Zipkin, Esq.
Kevin M. Gross, Esq.
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
Lawsmatter2@gmail.com
kgross@zipkinwhiting.com

*Attorneys for Plaintiff*

*/s/ Jeremy W. Hawpe*
Jeremy W. Hawpe