**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JEFFREY BROWN,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:22-cv-04059** |
| | § | |
| **VALVOLINE, LLC and FRANK HARRIS,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

## DEFENDANTS' PROPOSED JURY CHARGE

Defendants VGP Holdings, LLC f/k/a Valvoline, LLC and Frank Harris ("Defendants")
propose that the following charge, questions, instructions, and definitions be given to the jury in
this case. Defendants reserve the right to amend or supplement further its proposed jury charge,
questions, instructions and definitions based on rulings by the court and events at trial of this
matter. Defendants submit these proposed instructions and verdict form as required by the Court's
Local Rules and Procedures and does not waive its assertion that judgment as a matter of law is
appropriate and does not waive its right to amend or supplement this charge based upon the Court's
decisions on pending motions or the evidence presented at trial. Defendants further reserve the
right to object to the submission of any questions, definitions, and/or instructions for lack of
sufficient proof, and the submission of this proposed charge do not constitute an admission that
Plaintiff's claims are legally tenable.

1

Dated: May 15, 2024

Respectfully submitted,

*Of Counsel:*

/s/ *Jeremy W. Hawpe*

Jeremy W. Hawpe *(Attorney-in-Charge)*
Texas State Bar No. 24046041
jhawpe@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue
Suite 1500, Lock Box 116
Dallas, TX 75201.2931
214.880.8100 (Telephone)
214.880.0181 (Facsimile)

Urvi Morolia
Texas State Bar No. 24096083
Federal ID No. 3436021
umorolia@littler.com
LITTLER MENDELSON, P.C.
1301 McKinney Street, Suite 1900
Houston, TX  77010
713.951.9400 (Telephone)
713.951.9212 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lewis A. Zipkin, Esq.
Kevin M. Gross, Esq.
ZIPKIN WHITING CO., L.P.A.
3637 Green Road, Second Floor
Beachwood, Ohio 44122
Lawsmatter2@gmail.com
kgross@zipkinwhiting.com

*Attorneys for Plaintiff*

/s/ *Jeremy W. Hawpe*

Jeremy W. Hawpe

PROPOSED JURY INSTRUCTION NO. _____ — PRELIMINARY INSTRUCTIONS TO JURY[1]

Members of the jury panel, if you have a cell phone, PDA, smart phone, iPhone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibrate or silent; power it down. During jury selection, you must leave it off.

There are certain rules you must follow while participating in this trial.

First, you may not communicate with anyone about the case, including your fellow jurors, until it is time to deliberate. I understand you may want to tell your family, close friends and other people that you have been called for jury service so that you can explain when you are required to be in court. You should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence, until after I accept your verdict or excuse you as a juror.

Similarly, you must not give any information to anyone by any means about this case. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused as a juror. This includes any information about the parties, witnesses, participants, claims, evidence, or anything else related to this case.

Second, do not speak with anyone in or around the courthouse other than your fellow jurors or court personnel. Some of the people you encounter may have some connection to the case. If you were to speak with them, that could create an appearance or raise a suspicion of impropriety.

Third, do not do any research—on the Internet, in libraries, in books, newspapers, magazines, or using any other source or method. Do not make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or view any place discussed in the testimony. Do not in any way research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors. If you happen to see or hear anything touching on this case in the media, turn away and report it to me as soon as possible.

These rules protect the parties' right to have this case decided only on evidence they know about, that has been presented here in court. If you do any research, investigation or experiment that we do not know about, or gain any information through improper communications, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, which includes the oath to tell the truth and cross-examination. It could also be unfair to the parties' right to know what information the jurors are relying on to decide the case. Each of the parties is entitled to a fair trial by an impartial jury, and you must conduct yourself

---

[1] Fifth Circuit Pattern Jury Instructions § 1.1 (2020) (with revisions through 2020).

3

so as to maintain the integrity of the trial process. If you decide the case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Given as requested:      _____

Refused:      _____

Modified as noted, and given:      _____

Dated:      _____

PROPOSED JURY INSTRUCTION NO. _____ — PRELIMINARY INSTRUCTIONS TO JURY[2]

MEMBERS OF THE JURY:

You have now been sworn as the jury to try this case. As the judge, I will decide all questions of law and procedure. As the jury, you are the judges of the facts. At the end of the trial, I will instruct you on the rules of law that you must apply to the facts as you find them.

Alternative 1:

Pay close attention to the testimony and evidence.  You will not be allowed to take notes.

Alternative 2:

You may take notes during the trial. Do not allow your note-taking to distract you from listening to the testimony. Your notes are an aid to your memory. If your memory should later be different from your notes, you should rely on your memory. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than each juror's recollection of the testimony.

Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. This includes your spouse, children, relatives, friends, coworkers, and people with whom you commute to court each day. During your jury service, you must not communicate any information about this case by any means, by conversation or with the tools of technology. For example, do not talk face-to-face or use any electronic device or media, such as the telephone, a cell or smart phone, camera, recording device, PDA, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or website such as Facebook, MySpace, YouTube, Snapchat, Instagram, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or excuse you as a juror.

Do not even discuss the case with the other jurors until the end of the case when you retire to deliberate. It is unfair to discuss the case before all of the evidence is in, because you may become an advocate for one side or the other. The parties, the witnesses, the attorneys, and persons associated with the case are not allowed to communicate with you. And you may not speak with anyone else in or around the courthouse other than your fellow jurors or court personnel.

Do not make any independent investigation of this case. You must rely solely on what you see and hear in this courtroom. Do not try to learn anything about the case from any other source. In particular, you may not use any electronic device or media, such as a telephone, cell phone, smartphone, or computer to research any issue touching on this case. Do not go online or read any newspaper account of this trial or listen to any radio or television newscast about it. Do not visit or view any place discussed in this case and do not use Internet programs or other devices to search for or to view any place discussed in the testimony. In sum, you may not research any information

---

[2] Fifth Circuit Pattern Jury Instructions § 1.2 (2020) (with revisions through 2020).

about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge, until after you have been excused as jurors.

There are some issues of law or procedure that I must decide that the attorneys and I must discuss. These issues are not part of what you must decide and they are not properly discussed in your presence. To avoid having you leave the courtroom and to save time, I may discuss these issues with the attorneys at the bench, out of your hearing. When I confer with the attorneys at the bench, please do not listen to what we are discussing. If the discussions require more time, I may have you leave the courtroom until the lawyers and I resolve the issues. I will try to keep these interruptions as few and as brief as possible.

The trial will now begin. Lawyers for each side will make an opening statement. Opening statements are intended to assist you in understanding the significance of the evidence that will be presented. The opening statements are not evidence.

After the opening statements, the plaintiff will present his case through witness testimony and documentary or other evidence. Next, the defendants will have an opportunity to present their case. The plaintiff may then present rebuttal evidence. After all the evidence is introduced, I will instruct you on the law that applies to this case. The lawyers will then make closing arguments. Closing arguments are not evidence, but rather the attorneys' interpretations of what the evidence has shown or not shown. Finally, you will go into the jury room to deliberate to reach a verdict.

Keep an open mind during the entire trial. Do not decide the case until you have heard all of the evidence, [the closing arguments, and my instructions.] [my instructions, and the closing arguments.]

It is now time for the opening statements.

Given as requested:       _____

Refused:       _____

Modified as noted, and given:       _____

Dated:       _____

6

PROPOSED JURY INSTRUCTION NO. _____ — STIPULATIONS OF FACT[3]

A "stipulation" is an agreement. When there is no dispute about certain facts, the attorneys may agree or "stipulate" to those facts. You must accept a stipulated fact as evidence and treat that fact as having been proven here in court.

Given as requested:              _____

Refused:                        _____

Modified as noted, and given:   _____

Dated:                          _____

---

[3] Fifth Circuit Pattern Jury Instructions § 2.3 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — BURDEN OF PROOF: PREPONDERANCE OF THE EVIDENCE[4]

Plaintiff Jeffrey Brown has the burden of proving his case by a preponderance of the evidence. To establish by a preponderance of the evidence means to prove something is more likely so than not so. If you find that Plaintiff Jeffrey Brown has failed to prove any element of his claims by a preponderance of the evidence, then he may not recover on those claims.

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

---

[4] Fifth Circuit Pattern Jury Instructions §3.2 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ —NO INFERENCE FROM FILING SUIT[5]

The fact that a person brought a lawsuit and is in court seeking damages creates no inference that the person is entitled to a judgment. Anyone may make a claim and file a lawsuit. The act of making a claim in a lawsuit, by itself, does not in any way tend to establish that claim and is not evidence.

Given as requested:          _____

Refused:                     _____

Modified as noted, and given: _____

Dated:                       _____

---

[5] Fifth Circuit Pattern Jury Instructions §3.6 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — EVIDENCE[6]

The evidence you are to consider consists of the testimony of the witnesses, the documents and other exhibits admitted into evidence, and any fair inferences and reasonable conclusions you can draw from the facts and circumstances that have been proven.

Generally speaking, there are two types of evidence. One is direct evidence, such as testimony of an eyewitness. The other is indirect or circumstantial evidence. Circumstantial evidence is evidence that proves a fact from which you can logically conclude another fact exists. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[6] Fifth Circuit Pattern Jury Instructions § 3.3 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — BIAS – CORPORATE PARTY INVOLVED[7]

      Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

        Given as requested:           _____

        Refused:                 _____

        Modified as noted, and given:    _____

        Dated:                  _____

---

[7] Fifth Circuit Pattern Jury Instructions § 2.16 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION No. _____ — WITNESSES[8]

You alone are to determine the questions of credibility or truthfulness of the witnesses. In weighing the testimony of the witnesses, you may consider the witness's manner and demeanor on the witness stand, any feelings or interest in the case, or any prejudice or bias about the case, that he or she may have, and the consistency or inconsistency of his or her testimony considered in the light of the circumstances. Has the witness been contradicted by other credible evidence? Has he or she made statements at other times and places contrary to those made here on the witness stand? You must give the testimony of each witness the credibility that you think it deserves.

Even though a witness may be a party to the action and therefore interested in its outcome, the testimony may be accepted if it is not contradicted by direct evidence or by any inference that may be drawn from the evidence, if you believe the testimony.

In determining the weight to give to the testimony of a witness, consider whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony given at the trial.

A simple mistake by a witness does not necessarily mean that the witness did not tell the truth as he or she remembers it. People may forget some things or remember other things inaccurately. If a witness made a misstatement, consider whether that misstatement was an intentional falsehood or simply an innocent mistake. The significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You are not to decide this case by counting the number of witnesses who have testified on the opposing sides. Witness testimony is weighed; witnesses are not counted. The test is not the relative number of witnesses, but the relative convincing force of the evidence. The testimony of a single witness is sufficient to prove any fact, even if a greater number of witnesses testified to the contrary, if after considering all of the other evidence, you believe that witness.

Given as requested:    _____

Refused:    _____

Modified as noted, and given:    _____

Dated:    _____

---

[8] Fifth Circuit Pattern Jury Instructions § 3.4 (2020) (with revisions through 2020); Fifth Circuit Pattern Jury Instructions § 2.11 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — EXPERT WITNESSES[9]

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field is permitted to state his or her opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely on it.

Given as requested: _____

Refused: _____

Modified as noted, and given: _____

Dated: _____

---

[9] Fifth Circuit Pattern Jury Instructions § 3.4 (2020) (with revisions through 2020); Fifth Circuit Pattern Jury Instructions § 2.11 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — BUSINESS JUDGMENT NOT TO BE SECOND-GUESSED[10]

In your deliberations, you should be mindful that Defendants' business judgment is not on trial in this case. Anti-discrimination laws are not intended to be vehicles for second-guessing an employer's business decisions. Nor are such laws intended to transform the courts or juries into super-personnel managers. Although employment decisions must not be based on unlawful factors, such as race or religion, an employer is entitled to base its decisions on any other factors, regardless of whether they are good or bad, fair or unfair.

You should not permit any sympathy for the Plaintiff to lead you to substitute your own judgment for Defendants' judgment. Even if you believe Defendant/Defendants exercised poor or questionable business judgment in its actions, or if you feel you would not have made the same decisions under similar circumstances, you cannot find in favor of Plaintiff unless you are convinced that Plaintiff proved by a preponderance of the evidence that Defendants' employment decisions violated the law.

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

---

[10] *See Deines v. Tex. Dept. of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999) ("In Title VII cases, we do not try in court the validity of [an employer's] good faith belief as to [one] employee's competence [in comparison to another.] ... [D]iscrimination laws [are not] vehicles for judicial second-guessing of business decisions. ... Therefore, apart from searching for discriminatory intent, it is not the function of the jury to scrutinize the employer's judgment. ... Whether the employer's decision was the correct one, or the fair one, or the best one is not a question within the jury's province to decide. The single issue for the trier of fact is whether the employer's [decision] was motivated by discrimination.") (citations and internal quotations omitted); *Waggoner v. City of Garland*, 987 F.2d 1160, 1165-1166 (5th Cir. 1993) ("[T]he inquiry [in discrimination cases] is limited to whether the employer believed the allegation (against the employee) in good faith and whether the decision to discharge the employee was based on that belief."); *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1507-08 (5th Cir. 1988); *Elrod v. Sears, Roebuck and Co.*, 939 F.2d 1466, 1470 (11th Cir. 1991) (quoting *Mechnig v. Sears, Roebuck & Co.*, 864 F.2d 1359, 1365 (7th Cir. 1988)) (the Court does not "sit as a super-personnel department that reexamines an entity's business decisions").

PROPOSED JURY INSTRUCTION NO. ____ - INDIVIDUAL LIABILITY

Plaintiff Jeffrey Brown has asserted claims against his former supervisor, Defendant Frank Harris. An individual may be liable under the law if the individual is "essentially the same" as the employer in exercising authority over the Plaintiff.[11] Thus, an employee may be held individually liable under the law if he is "essentially the same" as the employer with respect to an employment decision(s), and if in that capacity he intentionally discriminates against Plaintiff.[12]

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:         _____

Dated:                                 _____

---

[11] *Foley v. Univ. of Houston Sys.*, 355 F.3d 333, 337 (5th Cir. 2003).
[12] *Reddy v. Superior Global Solutions, Inc.*, Case No. 4:11-CV-845, 2012 U.S. Dist. LEXIS 184289 (E.D. Tex. October 2, 2012).

PROPOSED JURY INSTRUCTION NO. _____ — HOSTILE WORK ENVIRONMENT BASED ON RACE[13]

Plaintiff Jeffrey Brown claims that during his employment he was harassed based on his race by his supervisor (Defendant Frank Harris) and that his employer, Defendant Valvoline, is responsible for the harassing conduct.

Defendants Valvoline and Frank Harris deny the claims and contend that Plaintiff was not subjected to harassment because of his race.

It is unlawful for an employer to harass an employee because of that employee's race.

For either Defendant Valvoline and/or Defendant Frank Harris to be liable for harassment based on race, Plaintiff Jeffrey Brown must prove by a preponderance of the evidence that his supervisors harassed him because of his race and that the harassment was sufficiently severe or pervasive to:

1. alter the terms or conditions of Plaintiff Jeffrey Brown's employment; and

2. create a hostile or abusive work environment.

To determine whether the conduct in this case rises to a level that altered the terms or conditions of Plaintiff Jeffrey Brown's employment, you should consider all of the circumstances, including: the frequency of the conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance. There is no requirement that the conduct be psychologically injurious.

Harassment may include extremely insensitive conduct because of race. Simple teasing, offhand comments, sporadic use of offensive language, occasional jokes related to race, and isolated incidents (unless extremely serious) will generally not amount to discriminatory changes in the terms and conditions of employment. An epithet which engenders offensive feeling in an employee does not sufficiently affect the conditions of employment.[14]

In determining whether a hostile or abusive work environment existed, you must consider the evidence from both Plaintiff Jeffrey Brown's perspective and from the perspective of a reasonable person. First, Plaintiff Jeffrey Brown must actually find the conduct offensive. Next, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances.

If you find that Plaintiff Jeffrey Brown was harassed because of his race, then you must find for Plaintiff Jeffrey Brown unless Defendants prove by a preponderance of the evidence that:

1. Defendants exercised reasonable care to prevent and correct promptly the harassing behavior; and

2. Plaintiff Jeffrey Brown unreasonably failed to take advantage of any preventive or

---

[13] Fifth Circuit Pattern Jury Instructions § 11.2 (2020) (with revisions through 2020).
[14] *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

corrective opportunities provided by Defendants or to avoid harm otherwise. If Defendants prove both elements, you must find for Defendants.

You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, the alleged harassing behavior must be such that a reasonable person in the same or similar circumstances as Plaintiff Jeffrey Brown would find the conduct offensive.

Given as requested:        _____

Refused:                   _____

Modified as noted, and given:   _____

Dated:                     _____

PROPOSED JURY INSTRUCTION NO. _____ — RETALIATION[15]

Plaintiff Jeffrey Brown claims that he was retaliated against by Defendant Valvoline and Defendant Frank Harris for engaging in activity protected by Title VII/Section 1981. Plaintiff Jeffrey Brown claims that he filed a complaint of race discrimination while employed by Valvoline. Plaintiff Jeffrey Brown claims that Defendant Valvoline and Defendant Frank Harris retaliated against him for filing a complaint of discrimination by subjecting him to adverse employment actions, including constructively discharging him.

Defendant Valvoline and Defendant Frank Harris deny Plaintiff Jeffrey Brown's claims and contend that all actions were taken for legitimate, non-retaliatory reasons.

It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Title VII or Section 1981.

To prove unlawful retaliation, Plaintiff Jeffrey Brown must prove by a preponderance of the evidence that:

1. Plaintiff Jeffrey Brown filed a complaint of discrimination;

2. Defendant Valvoline or Defendant Frank Harris subjected him to an adverse employment action; and

3. Defendant Valvoline or Defendant Frank Harris' decision to subject Plaintiff Jeffrey Brown to an adverse employment action was on account of his complaint of race discrimination.

For the first element, Plaintiff Jeffrey Brown claims that he engaged in protected activity when he complained of race discrimination. That action is "protected activity" if it was based on Plaintiff Jeffrey Brown's good-faith, reasonable belief that Defendant Valvoline or Defendant Frank Harris discriminated against him because of his race. To show a good-faith belief, Plaintiff Jeffrey Brown must show that he honestly believed that Defendant Valvoline or Defendant Frank Harris discriminated against him because of his race. To show a reasonable belief, Plaintiff Jeffrey Brown must show that a reasonable person would, under the circumstances, believe that Defendant Valvoline or Defendant Frank Harris discriminated against him because of his race. Plaintiff Jeffrey Brown does not have to prove that Defendant Valvoline or Defendant Frank Harris actually discriminated against him because of his race. But he must prove that he had a good-faith, reasonable belief that Defendant Valvoline or Defendant Frank Harris did so.

For the second element, Plaintiff Jeffrey Brown claims that Defendant Valvoline and Defendant Frank Harris took an adverse employment action(s) against him. You must decide whether Plaintiff Jeffrey Brown's claims are an "adverse employment action." An "adverse employment action" is an action that would have made a reasonable employee reluctant to make or support a charge of discrimination. If a reasonable employee would be less likely to complain

---

[15] Fifth Circuit Pattern Jury Instructions § 11.5 (2020) (with revisions through 2020).

about or oppose alleged discrimination because he knew that Defendants would take the alleged adverse employment action, then that action is an adverse employment action. If the employment action would not make it less likely for a reasonable employee to make complaints about or oppose the alleged discrimination, it is not an adverse employment action.

You need not find that the only reason for Defendant Valvoline and/or Defendant Frank Harris' decision(s) was Plaintiff Jeffrey Brown's complaint of discrimination. But you must find that Defendant Valvoline's or Defendant Frank Harris' decision to subject him to an adverse employment action would not have occurred in the absence of—but for—his complaint of discrimination.

If you disbelieve the reason Defendant Valvoline or Defendant Frank Harris has given for its decision, you may, but are not required to, infer that Defendant Valvoline or Defendant Frank Harris would not have decided to take adverse employment actions against Plaintiff Jeffrey Brown but for him engaging in the protected activity.

Given as requested:        _____

Refused:        _____

Modified as noted, and given:        _____

Dated:        _____

PROPOSED JURY INSTRUCTION NO. _____ — CONSTRUCTIVE DISCHARGE[16]

Plaintiff Jeffrey Brown claims that although Defendants Valvoline or Frank Harris did not fire him, he was constructively discharged. To prove constructive discharge, Plaintiff Jeffrey Brown must prove by a preponderance of the evidence that his working conditions were so intolerable that a reasonable employee would feel compelled to resign.

"Intolerable working conditions" means more than conditions that are uncomfortable or worse than an employee might prefer. Teasing, making offhand comments, using offensive language, or making race-related jokes generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign. Isolated incidents (unless extremely serious) generally do not make working conditions so intolerable that a reasonable person would feel compelled to resign.

In determining whether Plaintiff Jeffrey Brown was constructively discharged, you must consider the evidence from both Plaintiff Jeffrey Brown's perspective and the perspective of a reasonable person. First, you must look at the evidence from Plaintiff Jeffrey Brown's perspective and determine whether he actually felt compelled to resign. Second, you must look at the evidence from the perspective of a reasonable person's reaction to a similar environment under similar circumstances and determine whether an objectively reasonable person similarly situated would have felt compelled to resign.

You cannot view the evidence from the perspective of an overly sensitive person. Nor can you view the evidence from the perspective of someone who is never offended. Rather, you must find that Plaintiff Jeffrey Brown in fact found his working conditions intolerable and also that a reasonable person in the same or similar circumstances as Plaintiff Jeffrey Brown would find those working conditions intolerable.

To prove constructive discharge, Plaintiff Jeffrey Brown must also prove the existence of an aggravating factor, such as:

    (1) demotion;

    (2) reduction in compensation;

    (3) reduction in job responsibilities;

    (4) reassignment to menial or degrading work;

    (5) reassignment to work under a substantially younger supervisor;

    (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or

    (7) offers of early retirement or continued employment on terms less favorable than the

---

[16] Fifth Circuit Pattern Jury Instructions §11.6 (2020) (with revisions through 2020).

20

employee's former status.

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

PROPOSED JURY INSTRUCTION NO. _____ — ECONOMIC DAMAGES[17]

If you found that Valvoline and/or Frank Harris is liable to Plaintiff on his claims of retaliation, then you must determine whether Valvoline and/or Frank Harris has caused Plaintiff damages and, if so, you must determine the amount of those damages. You should not conclude from the fact that I am instructing you on damages that I have any opinion as to whether Plaintiff has proved liability.

Plaintiff must prove his damages by a preponderance of the evidence. Your award must be based on evidence and not on speculation or guesswork. On the other hand, Plaintiff need not prove the amount of his loss with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit.

You should consider the following elements of actual damages, and no others: (1) the amount of back pay and benefits Plaintiff would have earned in employment with Defendant if not terminated from the date of termination to the date of your verdict, minus the amount of earnings and benefits that Plaintiff received from employment during that time; (2) the amount of other damages sustained by Plaintiff.

Back pay includes the amounts the evidence shows Plaintiff would have earned if he had remained an employee of Defendant. These amounts include wages or salary and such benefits as life and health insurance, stock options, and contributions to retirement. You must subtract the amounts of earnings and benefits Defendant proves by a preponderance of the evidence Plaintiff received during the period in question.

There is no exact standard for determining actual damages. You are to determine an amount that will fairly compensate Plaintiff for any injury he has sustained.  Do not include as actual damages back pay or interest on back pay and/or benefits.

Given as requested:            _____

Refused:            _____

Modified as noted, and given:            _____

Dated:            _____

---

[17] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. ____ — MITIGATION OF DAMAGES[18]

Defendants Valvoline and Frank Harris claim that Plaintiff Jeffrey Brown failed to mitigate his damages. Plaintiff has a duty under the law to mitigate his damages, that is, to exercise reasonable diligence under the circumstances to minimize his damages.

To succeed on this defense, Defendants must prove, by a preponderance of the evidence: (a) that there was substantially equivalent employment available; (b) Plaintiff failed to use reasonable diligence in seeking and maintaining those positions; and (c) the amount by which Plaintiff's damages were increased by his failure to take such reasonable actions.

"Substantially equivalent employment" in this context means a job that has virtually identical promotional opportunities, compensation, job responsibilities, working conditions, and status as the job he lost. Plaintiff does not have to accept a job that is dissimilar to the one he lost or one that would be demeaning. The reasonableness of Plaintiff's diligence should be evaluated in light of his individual characteristics and the job market.

Given as requested:              _____

Refused:                         _____

Modified as noted, and given:    _____

Dated:                           _____

---

[18] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — COMPENSATORY DAMAGES[19]

If you find that Defendant Valvoline or Defendant Frank Harris is liable to Plaintiff on his claims of a hostile work environment or retaliation, then you must determine an amount that is fair compensation for all of Plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make Plaintiff whole—that is, to compensate him for the damage suffered. Compensatory damages are not limited to expenses that Plaintiff may have incurred because of his injury. If Plaintiff wins, he is entitled to compensatory damages for the physical injury, pain and suffering, and mental anguish that he has suffered because of Defendant/Defendants' wrongful conduct.

You may award compensatory damages only for injuries that Plaintiff proves were proximately caused by Defendant/Defendants' wrongful conduct. The damages that you award must be fair compensation for all of Plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize either Defendant.  You should not award compensatory damages for speculative injuries, but only for those injuries that Plaintiff actually suffered or that he is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

Given as requested:          _____

Refused:                     _____

Modified as noted, and given: _____

Dated:                       _____

---

[19] Adapted from Fifth Circuit Pattern Jury Charge § 15.2 (2020) (with revisions through 2020).

PROPOSED JURY INSTRUCTION NO. _____ — PUNITIVE DAMAGES[20]

In addition to actual damages, you may consider whether to award punitive damages. Punitive damages are damages designed to punish a defendant and to deter similar conduct in the future.

You may award punitive damages if Plaintiff proves by a preponderance of the evidence that: (1) the individual who engaged in the discriminatory act or practice was acting in a managerial capacity; (2) he or she engaged in the discriminatory act or practice while acting in the scope of his employment; and (3) he or she acted with malice or reckless indifference to Plaintiff's federally protected right to be free from discrimination.

An action is in "reckless indifference" to the Plaintiff's federally protected rights if it was taken in the face of a perceived risk that the conduct would violate federal law. Plaintiff is not required to show egregious or outrageous discrimination to recover punitive damages. Proof that Defendant engaged in intentional discrimination, however, is not enough in itself to justify an award of punitive damages.

In determining whether Defendants made good-faith efforts to prevent discrimination in the workplace, you may consider whether it adopted antidiscrimination policies, whether it educated its employees on the federal antidiscrimination laws, and how it responded to complaints of discrimination.

If you find that Defendants acted with malice or reckless indifference to Plaintiff's rights, then in addition to any other damages you find Plaintiff is entitled to receive, you may, but are not required to, award that Plaintiff an additional amount as punitive damages for the purposes of punishing Defendants for engaging in such wrongful conduct and deterring Defendants and others from engaging in such conduct in the future. You should presume that Plaintiff has been made whole for his injuries by any actual damages you have awarded.

If you decide to award punitive damages, you should consider the following in deciding the amount:

1. How reprehensible Defendant's/Defendants' conduct was. You may consider whether the harm Plaintiff suffered was physical or economic or both; whether there was violence, intentional malice, or reckless disregard for human health or safety; whether Defendant's/Defendants' conduct that harmed Plaintiff also posed a risk of harm to others; whether there was any repetition of the wrongful conduct or there was past conduct of the same sort that harmed Plaintiff.

2. How much harm Defendant's/Defendants' wrongful conduct caused Plaintiff.

3. What amount of punitive damages, in addition to the other damages already awarded, is needed, considering Plaintiff's financial condition, to punish Defendant/Defendants

---

[20] Adapted from Fifth Circuit Pattern Jury Charge § 11.14 (2020) (with revisions through 2020).

for its conduct toward Plaintiff and to deter Defendant/Defendants and others from similar wrongful conduct in the future.

The amount of any punitive damages award should bear a reasonable relationship to the harm caused to Plaintiff.

Given as requested:      _____

Refused:      _____

Modified as noted, and given:      _____

Dated:      _____

JURY QUESTIONS

QUESTION NO.      — PROTECTED ACTIVITY

Has Plaintiff Jeffrey Brown proved that he engaged in protected activity while he was employed – in other words, did he prove that he complained that he believed he was subjected to discrimination on the basis of his race?[21]

Answer "Yes" or "No"

_____

Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

---

[21] Fifth Circuit Pattern Jury Instructions (Civil) § 11.5 (2020) (with revisions through 2020).

*Please answer Question No. ___ if you answered:*
*"Yes" to Questions No. ___, if you answered "No" to Question No. __, go to Question No.*

QUESTION NO. ___ — ADVERSE EMPLOYMENT ACTION

Has Plaintiff Jeffrey Brown proved that he suffered an adverse employment action – in other words, did he prove that he suffered an action that would have made a reasonable employee reluctant to make or support a charge of discrimination?[22]

Answer "Yes" or "No"

_____

Given as requested:          _____

Refused:                     _____

Modified as noted, and given: _____

Dated:                       _____

_____

[22] Fifth Circuit Pattern Jury Instructions (Civil) § 11.5 (2020) (with revisions through 2020).

*Please answer Question No. ___ if you answered:*
*"Yes" to Questions No. ___, if you answered "No" to Question No. __, go to Question No. __*

QUESTION NO.     — RETALIATION

Has Plaintiff Jeffrey Brown proved that Valvoline would not have subjected him to an adverse employment action in the absence of—in other words, but for—his complaint of race discrimination?[23]

Answer "Yes" or "No"

_____

Given as requested:                    _____

Refused:                                      _____

Modified as noted, and given:      _____

Dated:                                          _____

---

[23] Fifth Circuit Pattern Jury Instructions (Civil) § 11.5 (2020) (with revisions through 2020).

*Please answer Question No. ____ if you answered:*
*"Yes" to Questions No. ___, if you answered "No" to Question No. __, go to Question No. __*

QUESTION NO.     — RETALIATION

Has Plaintiff Jeffrey Brown proved that Frank Harris would not have subjected him to an adverse employment action in the absence of—in other words, but for—his complaint of race discrimination?[24]

Answer "Yes" or "No"

_____

Given as requested:                    _____

Refused:                                      _____

Modified as noted, and given:     _____

Dated:                                         _____

_____
[24] Fifth Circuit Pattern Jury Instructions (Civil) § 11.5 (2020) (with revisions through 2020).

QUESTION NO. _____ — CONSTRUCTIVE DISCHARGE[25]

Was Plaintiff Jeffrey Brown constructively discharged?

    Answer "Yes" or "No."

    _____

Given as requested:         _____

Refused:         _____

Modified as noted, and given:     _____

Dated:         _____

---

[25] Fifth Circuit Pattern Jury Instructions (Civil) § 11.6 (2020) (with revisions through 2020).

QUESTION NO. _____ — HOSTILE WORK ENVIRONMENT[26]

Has Plaintiff Jeffrey Brown proved that he was harassed because of his race by his supervisor(s)?

      Answer "Yes" or "No"

      _____

      If you answered "Yes" to Question No. ___, then answer Question No. __.

Question No. 2__

Have Defendants proved that it exercised reasonable care to prevent and promptly correct the harassing behavior?

      Answer "Yes" or "No."

      _____

      If you answered "Yes" to Question No. ___, then answer Question No. ___.

Question No. 3

Have Defendants proved that Plaintiff Jeffrey Brown unreasonably failed to take advantage of or use preventive or corrective opportunities provided by Defendants or to avoid harm otherwise?

      Answer "Yes" or "No."

      _____

      Given as requested:             _____

      Refused:                        _____

      Modified as noted, and given:    _____

      Dated:                          _____

---

[26] Adapted from Fifth Circuit Pattern Jury Instructions §11.2 (2020) (with revisions through 2020).

*Please answer Question No. ___ if you answered:*
*"Yes" to Questions No. ___, ___, or ___.*

*Otherwise, please proceed to the Jury Certificate.*

QUESTION NO. ___ — DAMAGES[27]

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jeffrey Brown for the damages, if any, you have found Defendant Valvoline caused Plaintiff?

Answer in dollars and cents for the following items and none other:

1.  Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

2.  Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

3.  Wages and benefits from January __, 2022 to date of trial.

    $_____

*Please proceed to Question No. ___.*

Given as requested:               _____

Refused:                          _____

Modified as noted, and given:     _____

Dated:                            _____

---

[27] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

*Please answer Question No. ____ if you answered:*
*"Yes" to Questions No. ____, ____, or ____.*

*Otherwise, please proceed to the Jury Certificate.*

QUESTION NO. _____ — DAMAGES[28]

What sum of money, if paid now in cash, would fairly and reasonably compensate Plaintiff Jeffrey Brown for the damages, if any, you have found Defendant Frank Harris caused Plaintiff?

Answer in dollars and cents for the following items and none other:

1. Past pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

2. Future pain and suffering, inconvenience, mental anguish, and loss of enjoyment of life.

    $_____

*Please proceed to Question No. ____.*

Given as requested:          _____

Refused:                     _____

Modified as noted, and given: _____

Dated:                       _____

---

[28] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

<u>QUESTION NO.      — DAMAGES</u>[29]

Do you find that Plaintiff Jeffrey Brown failed to reduce his damages through the exercise of reasonable diligence in seeking, obtaining, and maintaining substantially equivalent employment after the date of his termination?


Answer "Yes" or "No"

_____


*If you answered "Yes" to Question No.  ___,  then answer Question No. ___. If you answered "No" to Question No. ___, then proceed to Question No. ___.*


Given as requested:                    _____

Refused:                               _____

Modified as noted, and given:          _____

Dated:                                 _____

---

[29] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

QUESTION NO.      — DAMAGES[30]

How much would Plaintiff Jeffrey Brown have earned had he exercised reasonable diligence under the circumstances to minimize his damages?

       Answer in dollars and cents, if any.

       $_____

       *Please proceed to Question No. ___.*

          Given as requested:          _____

          Refused:                  _____

          Modified as noted, and given:  _____

          Dated:                    _____

---

[30] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

*Please answer Question No. ___ if you answered:*
*"Yes" to Questions No. ___, ___, and ___.*

<u>QUESTION NO.      — PUNITIVE DAMAGES</u>[31]

Do you find that Plaintiff Jeffrey Brown should be awarded punitive damages from Defendant Valvoline?

      Answer "Yes" or "No"

      _____

      *If you answered "No" to Question No. ___, proceed to Question No. ___. Otherwise, please proceed to Question No. ___.*

      Given as requested:            _____

      Refused:                        _____

      Modified as noted, and given:    _____

      Dated:                           _____

---

[31] Fifth Circuit Pattern Jury Instructions § 11.14 (2020) (with revisions through 2020).

*Please answer Question No. ___ if you answered:*
*"Yes" to Questions No. ___, ___, and ___.*

<u>QUESTION NO.       — PUNITIVE DAMAGES</u>[32]

Do you find that Plaintiff Jeffrey Brown should be awarded punitive damages from Defendant Frank Harris?

Answer "Yes" or "No"

_____

*If you answered "No" to Question No. ___, proceed to Question No. ___. Otherwise, please proceed to Question No. ___.*

Given as requested:            _____

Refused:                       _____

Modified as noted, and given:  _____

Dated:                         _____

---

[32] Fifth Circuit Pattern Jury Instructions § 11.14 (2020) (with revisions through 2020).

QUESTION NO.      — PUNITIVE DAMAGES[33]

What sum of money should be assessed against Defendant Valvoline as punitive damages with respect to its conduct towards Plaintiff Jeffrey Brown?

      Answer in dollars and cents:

_____

      Given as requested:         _____

      Refused:         _____

      Modified as noted, and given:         _____

      Dated:         _____

---

[33] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

QUESTION NO.      — PUNITIVE DAMAGES[34]

What sum of money should be assessed against Defendant Frank Harris as punitive damages with respect to its conduct towards Plaintiff Jeffrey Brown?

      Answer in dollars and cents:

      _____

      Given as requested:               _____

      Refused:                            _____

      Modified as noted, and given:    _____

      Dated:                              _____

---

[34] Fifth Circuit Pattern Jury Instructions §11.14 (2020) (with revisions through 2020).

40

PROPOSED JURY INSTRUCTION NO.      — DUTY TO DELIBERATE; NOTES[35]

It is now your duty to deliberate and to consult with one another in an effort to reach a verdict. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. During your deliberations, do not hesitate to re-examine your own opinions and change your mind if you are convinced that you were wrong. But do not give up on your honest beliefs because the other jurors think differently, or just to finish the case.

Remember at all times, you are the judges of the facts. You have been allowed to take notes during this trial. Any notes that you took during this trial are only aids to memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you did not take notes, rely on your independent recollection of the evidence and do not be unduly influenced by the notes of other jurors. Notes are not entitled to greater weight than the recollection or impression of each juror about the testimony.

When you go into the jury room to deliberate, you may take with you a copy of this charge, the exhibits that I have admitted into evidence, and your notes. You must select a presiding juror to guide you in your deliberations and to speak for you here in the courtroom.

Your verdict must be unanimous. After you have reached a unanimous verdict, your presiding juror must fill out the answers to the written questions on the verdict form and sign and date it. After you have concluded your service and I have discharged the jury, you are not required to talk with anyone about the case.

If you need to communicate with me during your deliberations, the presiding juror should write the inquiry and give it to the court security officer. After consulting with the attorneys, I will respond either in writing or by meeting with you in the courtroom. Keep in mind, however, that you must never disclose to anyone, not even to me, your numerical division on any question.

You may now proceed to the jury room to begin your deliberations.

Given as requested:                        _____

Refused:                                          _____

Modified as noted, and given:       _____

Dated:                                           _____

---

[35] Fifth Circuit Pattern Jury Instructions § 3.7 (2020) (with revisions through 2020).

JURY CERTIFICATE

The foregoing is the unanimous verdict of the jury.


Date: _____


_____
Presiding Juror


Given as requested:          _____

Refused:          _____

Modified as noted, and given:          _____

Dated:          _____